IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MARK A. PEREZ, | : | CIVIL ACTION |
| --- | --- | --- |
| Petitioner | : | |
| | : | |
| vs. | : | NO 13-6085 |
| | : | |
| SUPERINTENDENT COAL TOWNSHIP, et al., | : | |
| | : | |
| Respondents | : | |

# O R D E R

**AND NOW,** this 17th day of October, 2017, upon careful and independent consideration of the petition for writ of *habeas corpus*, the response thereto, and the state court records, and after review of the thorough and well-reasoned Report & Recommendation of United States Magistrate Judge David R. Strawbridge, IT IS HEREBY ORDERED that:

1. The petitioner's Objections are OVERRULED.[1]

---

[1] On December 19, 2016, having received no Objections from the petitioner, I approved and adopted Judge Strawbridge's Report & Recommendation. The petitioner responded that he had not received the Report & Recommendation within the allotted time to object because it was sent to the wrong facility. I vacated my Order and permitted the petitioner to file Objections, which he did.

Upon *de novo* review, I find that the petitioner's Objections are meritless. First, the petitioner challenges Judge Strawbridge's treatment of the claim of whether guilty plea counsel was ineffective. Judge Strawbridge cited portions of the record including the opinions of the PCRA Court and the Superior Court which held that guilty plea counsel was not ineffective. The petitioner has not shown that the state court adjudication of this ineffectiveness claim reflects an unreasonable application of Strickland. Second, notwithstanding the petitioner's objections, Judge Strawbridge properly determined that the petitioner's claim of ineffectiveness of post-sentence and direct appeal counsel was procedurally defaulted. The petitioner does not allege any facts sufficient to excuse the procedural default. Third, the petitioner objects to Judge Strawbridge's determination that the Due Process and Equal Protection claims are not cognizable under *habeas corpus* review. The petitioner argues that the state courts, i.e., the PCRA Court and the Superior Court, denied him the opportunity to be heard on all claims of error raised timely once he obtained the state court record." He insists that this claim should be considered because it implicates "the Constitution and the fact that he is an innocent man incarcerated for a crime which he did not commit." I disagree. The PCRA Court has discretion to determine whether an evidentiary hearing is required. A claim concerning state collateral proceedings does

2. The Report and Recommendation is APPROVED and ADOPTED;

3. The petition for writ of *habeas corpus* is DENIED;

4. A certificate of appealability SHALL NOT issue, in that the petitioner has not made a substantial showing of the denial of a constitutional right, or demonstrated that reasonable jurists would debate the correctness of this ruling. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Clerk of Court shall mark this case CLOSED for all purposes.

BY THE COURT:

 /s/ Lawrence F. Stengel   
LAWRENCE F. STENGEL, C. J.

---

not involve the Constitution, laws, or treaties of the United States. Collateral proceedings are not required of states, and when states choose to provide such procedures, the same constitutional rights do not attach. This claim is guided by state law and PCRA procedures, and is thus not cognizable in federal *habeas* petitions. His claim that the Superior Court erred in finding his claims waived on appeal must also fail. The petitioner points to appellate counsel as the cause of this procedural default. However, he cannot show that any alleged ineffectiveness resulted in actual prejudice to him. The Superior Court considered his guilty plea agreement and properly determined that the petitioner entered his plea knowingly, voluntarily, and intelligently.

Along with his Objections, the petitioner added a fourth claim to his *habeas* petition. He claims that his sentence was illegally enhanced in violation of Alleyne v. United States. 133 S.Ct. 2151 (2013). In Alleyne, the defendant was convicted of using or carrying a firearm in relation to a crime of violence. The conviction carried a mandatory minimum sentence of five years which was increased to a seven year minimum if the firearm was "brandished." Id. at 2155-56. His sentence was based on a finding that he brandished the firearm even though the jury did not find brandishing beyond a reasonable doubt. Id. The Supreme Court held that because the finding of brandishing increased the penalty to which defendant was subjected, it was an element of the offense, which had to be found by the jury beyond a reasonable doubt. As the judge, rather than the jury, found brandishing, the Court held that the sentence violated the defendant's Sixth Amendment rights. Id. at 2163-64. Here, when presented with the petitioner's Alleyne claim, the Superior Court properly found that Alleyne could provide the petitioner no relief because he was not sentenced to a mandatory minimum sentence. Commonwealth v. Perez, No. 1062 EDA 2016, *4-5, 159 A.3d 590 (Pa.Super. November 17, 2016). Thus, because the petitioner has failed to show that a jury was not presented with a fact which increased his sentence, there could be no Sixth Amendment violation under Alleyne. Because the petitioner has not shown that the state court adjudication of this claim reflects an unreasonable application of Alleyne, I will deny this fourth claim. See 28 U.S.C. § 2254(d).